■ Yvonne McCain et al., Respondents-Appellants; Donna Keyes et al., Intervenors-Respondents-Appellants; Carolyn Lee et al., Proposed Intervenors-Appellants, and Linda James et al., Intervenors-Appellants, v Edward I. Koch, as Mayor of the City of New York, et al., Appellants-Respondents, et al., Defendant.—Upon remittitur from the Court of Appeals, order, Supreme Court, New York County (Edward J. Greenfield, J.), entered June 27, 1984, which granted plaintiffs' motion for preliminary injunction, affirmed, without costs.

In our prior opinion in this case (117 AD2d 198), we found that plaintiffs had established their entitlement to an injunction pendente lite requiring defendants to provide them with emergency shelter. However, based on our reading of prior decisions by the Court of Appeals, we reluctantly concluded that the adequacy of the shelter provided was a matter committed to the Legislature's discretion and, in the absence of a legislative directive, the courts were without power to set even minimum standards of decency and habitability for the emergency shelter or to compel officials to meet the court-ordered standards. On appeal, the Court of Appeals ruled that the Supreme Court "had the power to require defendants, once they undertook to provide housing, to make that shelter minimally habitable" *(McCain v Koch,* 70 NY2d 109, 118 [1987]). The Court of Appeals reversed and remanded the matter to this court for consideration of whether Supreme Court abused its discretion or whether this court, in the exercise of its discretion, should make a different disposition of the case.

Defendants now argue that Supreme Court abused its discretion by adopting minimum shelter standards after defendant Commissioner of the State Department of Social Services (DSS) had promulgated regulations governing DSS referrals to emergency housing facilities. They urge that we vacate the preliminary injunction which incorporated the court-ordered minimum emergency housing standards. We decline to do so.

While it is true, as the Court of Appeals noted, that the current DSS regulations "subsume the more general and less rigorous standards in the court order" (70 NY2d, *supra*, at 120), they are binding only on DSS officials. These regulations have no force as to defendant Commissioner of the New York City Department of Housing Preservation and Development (HPD). HPD is responsible for the relocation of families made homeless by fires or government-issued vacate orders. It also refers families to the shelters and hotels, often to the same facilities as are used by DSS. Upon termination of HPD benefits, families without permanent housing are referred to DSS and, plaintiffs allege, approximately 30% of HPD's case load is eventually transferred to DSS. The court-ordered standards incorporated in the preliminary injunction establish the only minimum emergency shelter standards which are binding on HPD. We therefore reinstate the preliminary injunction and remand for further proceedings on compliance and enforcement. Concur—Kupferman, J. P., Sullivan, Ross and Rosenberger, JJ.